66 F.3d 347
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sheryl S. SHELLEY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3511.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1995.
 
 67 M.S.P.R. 400.
 AFFIRMED.
 Before ARCHER, Chief Judge, NIES, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Sheryl S. Shelley appeals from the April 19, 1995 final decision of the Merit Systems Protection Board, Docket No. AT831E940981-I-1, sustaining a decision of the Office of Personnel Management ("OPM"). In its decision, OPM dismissed Shelley's untimely filed request for reconsideration of her application for disability retirement benefits. Because Shelley has not demonstrated any error in the board's decision, we affirm.
 
 DISCUSSION
 
 2
 On May 9, 1994, OPM issued an initial decision denying Shelley's application for disability retirement benefits. The decision advised Shelley that a request for reconsideration of the decision "must be received by OPM within 30 days of the date of this letter." The decision further advised Shelley that:
 
 
 3
 If your request for reconsideration is received by OPM after the 30 days time limit, we will dismiss your request as not timely filed unless you can show you were prevented from responding by circumstances beyond your control.
 
 
 4
 Thus, Shelley's request for reconsideration had to be received by OPM no later than June 8, 1994. See 5 C.F.R. Sec. 831.109(e)(1) (1995) ("A request for reconsideration must be received by OPM within 30 calendar days from the date of the original decision."). Shelley, however, mailed a request for reconsideration to OPM on June 8, 1994; OPM received it on June 15, 1994. OPM permitted Shelley an opportunity to request a waiver of the filing deadline. However, when it concluded that Shelley's failure to meet the deadline was not due to circumstances beyond her control, OPM denied her request for a waiver of the timing requirement and dismissed her request for reconsideration as untimely filed. Shelley appealed to the board.
 
 
 5
 The board affirmed OPM's decision. The Administrative Judge (AJ) found that the excuses provided by Shelley did not establish either that she was not notified of the time limit and was not otherwise aware of it, or that she was prevented by circumstances beyond her control from making the request within the time limit. See 5 C.F.R. Sec. 831.109(e)(2) (1995). The AJ's initial decision became the final decision of the board on April 19, 1995. See 5 C.F.R. Sec. 1201.113 (1995). This appeal followed.
 
 
 6
 The scope of our review of a board decision is limited to whether it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 7
 On appeal, Shelley argues that although she received OPM's initial decision she was unaware of the 30-day time limit for filing a request for reconsideration. She has not shown, however, that she "was not notified of the time limit and was not otherwise aware of it." 5 C.F.R. Sec. 831.109(e)(2). The exception relied upon by Shelley applies only when OPM fails to notify an applicant of the 30-day time limit. The record indicates that Shelley was properly informed of the time limit; thus, her argument lacks merit.
 
 
 8
 Shelley further argues that the AJ mischaracterized certain of the parties' prehearing stipulations of fact. In particular, she asserts that the AJ should have considered the following facts:
 
 
 9
 1. Shelley misunderstood and was confused by OPM's instructions for filing a request for reconsideration.
 
 
 10
 2. Shelley experienced two deaths in the family during May and June 1994.
 
 
 11
 3. Shelley had to obtain an attorney during the relevant time period to compel her husband to pay medical bills for her son.
 
 
 12
 The first fact is irrelevant because Shelley was properly notified of the filing deadline. See 5 C.F.R. Sec. 831.109(e)(2). Furthermore, the AJ did, in fact, consider the two deaths in Shelley's family. The AJ stated that the first death occurred on May 31, 1994, but standing alone, did not excuse Shelley's failure to timely file a request for reconsideration. The AJ noted that the second death occurred on June 26, 1994, after the filing deadline. The AJ also considered Shelley's argument concerning her "legal and financial problems involving her son." Thus, the AJ did not fail to consider any relevant facts.
 
 
 13
 Because Shelley was notified of the filing deadline, Shelley "could have prevailed before the AJ only if she met her burden of demonstrating two things: first, that she was prevented by circumstances beyond her control from making a timely request for reconsideration, and second, that, on the facts presented to it, OPM abused its discretion in not extending the time limit for filing the request." Azarkhish v. Office of Personnel Management, 915 F.2d 675, 678 (Fed.Cir.1990).
 
 
 14
 The AJ concluded that Shelley's failure to timely file a request for reconsideration was not due to circumstances beyond her control. The AJ found that the death of Shelley's aunt, standing alone, did not excuse Shelley's failure to timely file a request for reconsideration. The AJ found that the cookout Shelley organized to celebrate her husband's birthday also did not excuse her delay. The AJ found unpersuasive the fact that Shelley's husband underwent two outpatient surgeries during the relevant period, because neither surgery required that her husband be hospitalized. Concerning Shelley's asserted financial problems, the AJ stated that Shelley did not explain how these problems prevented her or her representative from timely filing for reconsideration. The AJ similarly determined that Shelley provided no evidence to support her claim of physical and emotional stress caused by financial and legal difficulties. Finally, the AJ held that Shelley's misunderstanding of the filing deadline did not constitute circumstances beyond her control, nor did her representative's purported misunderstanding of the deadline.
 
 
 15
 It is not the province of this court to second-guess OPM's and the board's determination that Shelley did not show that her untimely filing was due to circumstances beyond her control. Rather, we must affirm the board's decision if substantial evidence supports the board's finding that her excuses did not amount to circumstances beyond her control. Azarkhish, 915 F.2d at 678. Having carefully reviewed the record and Shelley's arguments, we conclude that the board's finding is supported by substantial evidence. Thus, we do not reach the question whether OPM abused its discretion in denying a waiver of the timing requirement. Id. The board's decision must be affirmed.